IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANDREY NAUMAN** § | | **PLAINTIFF** |
| § | | |
| **v.** § | **Civil No. 1:20-cv-00144-HSO-JCG** | |
| § | | |
| **COMMISSIONER OF SOCIAL** § | | **DEFENDANT** |
| **SECURITY** § | | |

**ORDER OVERULING PLAINTIFF'S OBJECTION [17], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [15] AND DISMISSING CASE WITH PREJUDICE**

BEFORE THE COURT is Plaintiff Andrey Nauman's Objection [17] to United States Magistrate Judge John C. Gargiulo's Report and Recommendation [15], which recommends affirming the decision of Defendant Commissioner of Social Security. Defendant Commissioner of Social Security has filed a Notice [19] of intent not to respond to Plaintiff's Objection [17].

After due consideration of the Report and Recommendation [15], Plaintiff's Objection [17], and relevant legal authority, the Court finds that Plaintiff's Objection [17] should be overruled, that the Magistrate Judge's Report and Recommendation [15] should be adopted in its entirety as the finding of this Court, and that the decision of Defendant Commissioner of Social Security denying Plaintiff's application for supplemental security income should be affirmed.

## I.  BACKGROUND

Plaintiff Andrey Nauman ("Plaintiff" or "Nauman") filed this action under 42 U.S.C. § 405(g) seeking judicial review of the denial by Defendant Commissioner of Social Security ("Defendant" or "Commissioner") of his application for supplemental security income ("SSI") under Title VI of the Social Security Act. Compl. [1]. Plaintiff filed his application for SSI on April 4, 2017, when he was 18 years old, asserting that he became disabled on November 8, 1998. Admin. R. at 16. Plaintiff later amended his alleged onset date of disability to April 4, 2017. *Id.* Plaintiff did not graduate high school and he does not have any relevant work experience. *Id.* at 22, 27. Plaintiff claimed that he suffered from ten medical conditions that prevented him from working: (1) attention deficit hyperactivity disorder ("ADHD"); (2) obsessive compulsive disorder ("OCD"); (3) optional defiant disorder ("ODD"); (4) Fetal Alcohol Syndrome ("FAS"); (5) Anxiety; (6) Depression; (7) Low IQ; (8) Asperger's; (9) Immaturity; and (10) Developmentally Delayed. *Id.* at 176.

The Social Security Administration denied Plaintiff's application initially and upon reconsideration. *Id.* at 16. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), who held a hearing on October 23, 2018. *Id.* The ALJ rendered an unfavorable decision, finding that Plaintiff was not under a disability within the meaning of the Social Security Act. *Id.* at 28. The Appeals Council denied Plaintiff's request for review, and he has appealed that decision to this Court. *Id.* at 6.

On July 9, 2021, United States Magistrate Judge John C. Gargiulo issued a Report and Recommendation [15], recommending that the decision of the Commissioner should be affirmed. *Id.* at 20. Plaintiff has filed an Objection [17] to the Magistrate Judge's Report and Recommendation.

## II. DISCUSSION

A. Standard of review

Because Nauman has filed an Objection [17] to the Magistrate Judge's Report and Recommendation [15], this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). A court is not required to make new findings of fact in order to conduct a de novo review, *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000), nor is it required to reiterate the findings and conclusions of the magistrate judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

In reviewing the decision, the Court "considers only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports [the] decision." *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012). "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th

Cir. 1992). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). Under this standard, a court cannot "re-weigh the evidence or substitute [its] judgment for that of the Commissioner." *Id.*

To the extent Plaintiff does not object to portions of the Report and Recommendation [15], the Court need not conduct a de novo review of those portions, 28 U.S.C. § 636(b)(1), but need only review those portions to which Plaintiff does not object and determine whether they are either clearly erroneous or contrary to law, *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.  Standard for entitlement to Social Security benefits

A claimant must prove that he or she suffers from a disability in order to be qualified for benefits. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The Social Security Act defines "disability," in relevant part, as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

42 U.S.C. § 423(d)(1)(A). The Commissioner typically employs a five-step sequential process to determine whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *see also Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). This five-step analysis is as follows:

> First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities. Third, to secure a finding of

> disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment enumerated in the listing of impairments in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the [Commissioner] to establish that the claimant can perform relevant work. If the [Commissioner] meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.

*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991); *see also Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). A claimant bears the burden of proof with respect to the first four steps of the inquiry; the burden shifts to the Commissioner at step five. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

C.  The Administrative Law Judge's decision

After conducting the hearing, the ALJ issued an adverse decision that Plaintiff was not disabled within the meaning of the Social Security Act. Admin. R. [11] at 29. The ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity after the alleged onset date of April 4, 2017, *id.* at 18, and at the second step that Plaintiff had the following severe impairments: mood disorder, ADHD, combined type, conduct disorder, autism spectrum disorder, and borderline intellectual functioning (BIF). *Id.* at 18. The ALJ concluded that these "medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." *Id.* at 18.

At the third step, the ALJ determined that the above-mentioned impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 19. The ALJ considered Listings 12.04, 12.05, 12.08, 12.10, and 12.11, but found that Plaintiff's impairments, standing alone or in

combination, did not meet or medically equal the criteria for these listings. *Id*. at 19. In doing so the ALJ considered whether either the "paragraph B" or "paragraph C" criteria were satisfied. *Id*. at 20-21.

Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC")

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to performing only simple, routine tasks, with only occasional changes in the work routine; he is further limited to no more than occasional interaction with the public or co-workers.

*Id*. at 21. In determining the RFC, the ALJ found persuasive the opinions of Dr. Angela Herzog and Dr. Glenn James with respect to Plaintiff's limitations in "paragraph B" criteria. *Id*. at 26. Dr. Herzog is a Psychologist and Dr. James is a family practitioner. Pl.'s Br. [13] at 5. Both reviewed Plaintiff's medical records for the state agency charged with reviewing social security disability claims. *Id*. at 102, 112.

Dr. Herzog made the initial disability determination for the Social Security Administration on June 15, 2017. *Id*. at 102. She opined that Plaintiff has the mental capacity "to understand and carry out instructions for learning to perform routine repetitive work tasks" and "for maintaining attention and concentration for two hour periods" to sufficiently complete work tasks "without excessive interruption from psychological symptoms." *Id*. at 99. She further found that Plaintiff "can interact adequately, on a limited basis, receive non-confrontational supervision, and make mental adaptions to complet[ly] unskilled tasks in a work setting . . . ." *Id*. at 99. Based on these findings, Dr. Herzog concluded that Plaintiff

6

is not disabled. *Id.* at 100. Dr. James reviewed Plaintiff's case at the reconsideration stage on July 18, 2017, *id.* at 112, and concluded that Plaintiff's updated medical records did not reveal any "new impairment, worsening of current impairments or change of impairments" that would alter Dr. Herzog's evaluation, *id.* at 108. He affirmed Dr. Herzog's assessment. *Id.*

The ALJ also considered the opinion of Susan Nieman-Hightower, Ph.D., LPC, LMFT. Dr. Nieman-Hightower has treated Plaintiff intermittently since he was 12 years old, and "opined that [Plaintiff] is significantly and permanently disabled in all domains of daily living" and that his disability "will make working in most any setting untenable." *Id.* at 831-32. However, she also stated that Plaintiff "is able to perform simple acts of self-care and follow instructions, provided he has constant oversight" from someone with complete authority over him. *Id.* at 831. The ALJ ultimately concluded that Dr. Nieman-Hightower's opinion was "inconsistent with the record as a whole and otherwise [did] not find it persuasive." *Id.* at 26.

Finally, the ALJ determined that given Plaintiff's residual functional capacity, age, education, and work experience, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 27 (citation omitted). These include kitchen helper, hand packager, and bench assembler. *Id.* Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at 29. Plaintiff appealed that decision to this Court. Compl. [1].

D. <u>The Magistrate Judge's Report and Recommendation [15]</u>

On July 9, 2021, The Magistrate Judge entered a Report and Recommendation [15] that the Commissioner's decision should be affirmed. The Magistrate Judge addressed Plaintiff's alleged assignments of error by grouping them into three categories.

The Magistrate Judge first considered whether the ALJ committed reversible error at Step Two of the sequential process. R & R [15] at 7. The Magistrate Judge determined that the ALJ "properly considered evidence relating to Nauman's intellectual functioning," and that substantial evidence supported the ALJ's finding that Plaintiff's intellectual and neurocognitive disorders are not severe impairments. *Id.* at 8. Additionally, the Magistrate Judge concluded that any error by the ALJ in failing to make a specific severity finding as to Plaintiff's intellectual disorder and neurocognitive disorder was harmless, because the ALJ proceeded to the later steps. *Id.* at 10 (citing *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987); *Mays v. Bowen*, 837 F.2d 1362, 1365 (5th Cir. 1988)).

Next, the Magistrate Judge evaluated whether the ALJ committed reversible error at Step Three. *Id.* at 11. The Magistrate Judge concluded that substantial evidence supported the ALJ's finding that Plaintiff has only "moderate" limitations in all of the categories of mental functioning under Listing 12.05(B) for intellectual disorders, *id.* at 13-15, and that substantial evidence supported the ALJ's determination that Plaintiff "failed to establish the requisite marginal adjustment to satisfy [p]aragraph C" under Listing 12.02 for neurocognitive disorders, *id.* at 16.

The Magistrate Judge further found that Plaintiff "failed to carry the burden of explaining how his symptoms align with the criteria required in [p]aragraph C or with Listings 12.08, 12.10, or 12.11." *Id.* at 16.

Finally, the Magistrate Judge turned to whether the ALJ properly considered the opinion evidence. *Id.* at 17. The Magistrate Judge concluded that the ALJ was correct in not assigning any specific evidentiary weight to any medical opinion, because Plaintiff's application was filed on April 4, 2017. *Id.* at 19 (citing 20 C.F.R. § 416.920c). With respect to the individual medical opinions evaluated by the ALJ, the Magistrate Judge found that substantial evidence supported the ALJ's findings that Dr. Neiman-Hightower's opinion on issues not reserved to the Commissioner was inconsistent with the record. *Id.* at 20. As to Dr. Herzog and Dr. James, the Magistrate Judge determined that "substantial evidence supports the ALJ's finding that both opinions were supported by and consistent with the record." *Id.* at 20.

E.    Plaintiff's Objection [17]

To the extent Plaintiff has not objected to portions of the Magistrate Judge's Report and Recommendation [15], the Court has considered them and finds that those portions are neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221.

To the extent Plaintiff did object to the Report and Recommendation, the Objection raises many of the same arguments advanced in his original Brief [13] and which were addressed by the Magistrate Judge in his Report and Recommendation [15]. Specifically, Plaintiff raised the following objections:

9

>   (1) The [ALJ] erred in failing to base her decision on a preponderance of the substantial evidence and the United States Magistrate Judge failed to recognize the 20 [C.F.R.] [§] 416.1453 standard as the Commissioner's burden;
>
>   (2) The ALJ erred in finding the claimant's intellectual disorder and neurocognitive [disorder] were not "severe" because she failed to include associated limitations in her RFC and the claimant's substantial rights were affected so that the Magistrate Judge's determination that the error was harmless was incorrect;
>
>   (3) The ALJ gave incorrect weight to the reports and opinions of the treating providers, examiners and agency reviewers, failed to evaluate the opinion evidence pursuant to 20 [C.F.R.] [§] 404.1520c, and substituted her own opinions for those of treating reporters and the Magistrate Judge erred in finding that the DDS non-review's forms and ALJ's medical opinions were "substantial evidence";
>
>   (4) The ALJ erred in dismissing the findings and opinions of treating source Dr. Susan Neiman-Hightower citing a question regarding licensure without recontacting the source as required by 20 [C.F.R.] [§] 416.919p and the Magistrate Judge erred in affirming the action; and,
>
>   (5) The ALJ and Commissioner declined to follow / failed to correctly apply the law in this case, failed to fairly and fully consider all of the evidence as required by the Administrative Procedure and Social Security Acts, and the unfavorable decision is not supported by a preponderance of the substantial evidence.

Obj. [17] at 1-2.

Plaintiff's objections (4) and (5) offer no new argument or additional legal authority to support Plaintiff's position beyond that in his original Brief [13], and he essentially reurges his arguments that were before the Magistrate Judge. The Court has conducted a de novo review of the record and finds it unnecessary to make new findings of fact or to reiterate the findings and conclusions of the Magistrate Judge as to these objections. *Warren*, 230 F.3d at 694-95; *see also Koetting*, 995 F.2d at 40. Based on a de novo review, Plaintiff's objections (4) and (5)

should be overruled and the Magistrate Judge's ruling affirmed.

Construing Plaintiff's objections liberally, he does raise several objections to specific findings, or the lack thereof, made by the Magistrate Judge. His first is to the Magistrate Judge's failure to recognize the ALJ's burden of basing her findings of fact and reasons for her decision on a preponderance of evidence. Obj. [17] at 3.

20 C.F.R. § 416.1453(a) requires the ALJ to "issue a written decision which gives the findings of fact and reasons for the decision," and this decision must be based "on the preponderance of evidence offered at the hearing or otherwise included in the record." Plaintiff argues that the ALJ failed to apply this standard and that the Magistrate Judge did not recognize it as the ALJ's duty. *Id.* at 4. Plaintiff is correct in that the ALJ did not explicitly refer to this standard in her decision. However, nothing in the record indicates that she failed to make her decision based upon a preponderance of the evidence. The ALJ made her findings "[a]fter careful consideration of the entire record." Admin. R. [11] at 18. At each step in the sequential process, the ALJ weighed the evidence presented at the hearing or included in the record and made the requisite findings, which the Court finds were supported by the evidence. *Id.* at 18-29. In short, the Court finds that the ALJ applied the correct legal standard, and that this objection should be overruled.

Plaintiff's second objection is to the Magistrate Judge's conclusion that the ALJ's failure to cite the appropriate legal standard for determining the severity of an impairment was harmless. Obj. [17] at 4. The United States Court of Appeals for the Fifth Circuit set forth the standard for determining the severity of an

11

impairment in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Under this test, an impairment is not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). ALJs have a duty not only to use this standard but also to refer to it. *Id.* Yet, "[a] case will not be remanded simply because the ALJ did not use [these] magic words." *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). If the ALJ proceeds past Step Two in the sequential process, the failure to properly apply the *Stone* standard is analyzed for harmless error. *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

The ALJ did not explicitly reference the *Stone* standard in rendering her decision on the severity of Plaintiff's impairments, but contrary to Plaintiff's assertion the Magistrate Judge did not find that the ALJ failed to apply the correct legal standard. Obj. [17] at 5; R &R [15] at 8. Instead, the Magistrate Judge determined that "any error by the ALJ in not following the procedures set out in *Stone* . . . is harmless." R & R [15] at 9.

Plaintiff contends that the ALJ's alleged *Stone* error was not harmless, because "Nauman's substantial right to a full and fair hearing on his disability claim under the regulations were clearly affected . . . ." Obj. [17] at 5. Although the ALJ did not cite *Stone*, she did cite Social Security Ruling ("SSR") 85-28, 1985 WL 56856 (Jan. 1, 1985). Admin. R. [11] at 18. The severity standard set forth in SSR 85-28 differs from that in *Stone*, but according to the Fifth Circuit they "are not

substantially different enough to warrant a finding of error." *Keel*, 986 F.3d at 556 (holding that the ALJ's failure to properly apply the *Stone* standard was a harmless error where the claimant failed to address how ALJ's application of SSR 85-28 would produce a different outcome). Plaintiff, as the party attacking the decision, bears "the burden of showing that an error is harmful . . . ." *See id.* (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). Here, Plaintiff has not demonstrated how the ALJ's application of *Stone*, instead of SSR 85-28, would have resulted in a different outcome. The Court finds that this objection should be overruled.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's denial was supported by substantial evidence in the form of opinions from Dr. Herzog and Dr. James. Plaintiff claims that the ALJ committed error by crediting the opinions of these two non-examining physicians and not the opinion of Dr. Nieman-Hightower, who examined him. Obj. [17] at 5-6. Plaintiff argues that "to be substantial evidence, opinions must at least be from examiners, and within the report[']s area of expertise." Obj. [17] at 5. (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). The Supreme Court in *Richardson* held that "a written report by a licensed physician who has examined the claimant . . . *may* constitute substantial evidence . . . ." *Richardson*, 402 U.S. at 402 (emphasis added). However, nowhere in its decision did the Supreme Court state that substantial evidence is limited to the opinions of examining physicians.

Indeed, the Fifth Circuit has held that an ALJ may rely on a non-examiner's assessment if two conditions are satisfied. First, the non-examining physician's

13

testimony cannot be the only medical evidence presented. *Hill v. Berryhill*, 718 F. App'x 250, 255 (5th Cir. 2018) (per curiam). Second, the non-examining physician's findings must be based "upon a careful evaluation of the medical evidence" and must not "contradict those of the examining physician." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

Here, the opinions of the state agency non-examiners, Dr. Herzog and Dr. James, were not the only medical evidence presented to the ALJ. The ALJ's decision provides that she also reviewed and considered the opinions of several of Plaintiff's examiners, including Dr. Donna Burrows, Dr. Lynn Adams, Dr. Ethel Hetrick, Dr. Kathryn Bush, and Dr. Susan Niemann-Hightower. Admin. R. [11] at 24-26. In addition, Dr. Herzog and Dr. James stated that their opinions were based upon a diligent review of Plaintiff's medical records, and they do not contradict the reports of the examining physicians. *Id.* at 92-95, 104-107 (listing the medical records reviewed by each physician).

The ALJ cited Dr. Herzog's opinion as persuasive with respect to domains of the "paragraph B" criteria.[1] *Id.* at 26. Dr. Herzog opined that Plaintiff had moderate

---

[1] The relevant "paragraph B" criteria are as follows:

    1. Significantly subaverage general intellectual functioning evidenced by a or b:
        a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
        b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

    2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
        a. Understand, remember, or apply information (see 12.00E1); or
        b. Interact with others (see 12.00E2); or
        c. Concentrate, persist, or maintain pace (see 12.00E3); or

limitations in all the "paragraph B" criteria and Dr. James affirmed this opinion. *Id*. Dr. Herzog's opinion on these issues is not contradicted by any of Plaintiff's treating and examining physicians, including Dr. Niemann-Hightower. Dr. Niemann-Hightower's report contains several conclusory statements about Plaintiff's limitations, such as that Plaintiff "is significantly and permanently disabled in all domains of daily living." Admin. R. [11] at 831. However, with respect to the "paragraph B" criteria, nothing in her report contradicts Dr. Herzog's findings. Dr. Niemann-Hightower opined that Plaintiff could perform simple acts of self-care and follow instructions, but that he had difficulty controlling his impulses around others. *Id*. at 831-32. On these same issues Dr. Herzog found that Plaintiff "could interact adequately, on a limited basis, receive nonconfrontational supervision, and make mental adaptions to complete[ly] unskilled tasks in a work setting, especially those requiring very minimal interaction with others." *Id*. at 26. Accordingly, Dr. Niemann-Hightower's opinion on the "paragraph B" criteria is consistent with Dr. Herzog's. *Id*.

Furthermore, it is the rule in this Circuit that "the reports of physicians who did not examine the claimant, *taken alone*, [are] not . . . substantial evidence on which to base an administrative decision." *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017) (quotation omitted) (emphasis added). However, when the ALJ

---

      d. Adapt or manage oneself (see 12.00E4); and

   3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05(B).

15

credits the opinion of a non-examining physician "*because* they were consistent with the evidence in the record" the opinion is not "taken alone." *Brown v. Saul*, 2021 WL 2324970 at *2 n.5 (5th Cir. June 7, 2021) (per curiam) (emphasis in original). Here, the ALJ found Dr. Herzog's and Dr. James's opinions persuasive after she "fully considered the medical opinions and prior administrative medical findings" in this case. Admin. R. [11] at 26. Dr. Herzog's and Dr. James's opinions, therefore, were not taken alone.

For these reasons, the Magistrate Judge was correct in finding that the ALJ's denial was supported by substantial evidence because the ALJ properly relied on the non-examining physicians' opinions.

### III. CONCLUSION

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent de novo review of the record and those matters raised in Plaintiff Andrey Nauman's Objection [17], and concludes that Plaintiff's Objection [17] should be overruled. The Court further concludes that the Magistrate Judge's Report and Recommendation [15] should be adopted as the finding of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objection [17] filed by Plaintiff Andrey Nauman in this case is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [15], entered in this case on July 9, 2021, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the decision of the Commissioner of Social Security is **AFFIRMED** and Plaintiff Andrey Nauman's appeal is **DISMISSED WITH PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 8th day of September, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE